Argued and submitted January 30, reversed and remanded for resentencing;
otherwise affirmed October 16, 2002

## STATE OF OREGON,
*Respondent,*

*v.*

## STEPHANIE L. HOWETT,
*Appellant.*

## 0010-38083; A114089

56 P3d 459

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant appeals her sentence for theft in the first degree. ORS 164.055. Defendant assigns error to the amount of restitution imposed by the trial court. We review sentencing decisions for errors of law, ORS 138.222(4), and remand for resentencing.

Defendant was indicted for, and pleaded guilty to, theft in the first degree for money that she stole from her employer. The indictment charged defendant as follows:

"THEFT IN THE FIRST DEGREE

"The said defendant, on or between October 03, 2000, and October 07, 2000 in the County of Multnomah, State of Oregon, did unlawfully and knowingly commit theft of lawful currency of the United States of America, of the value of $750 or more, the property of **COURTESY VENDING**, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon[.]"

(Boldface in original.) In the plea petition, defendant stated that, "I plead Guilty because, in Multnomah County, Oregon, I did the following: On or between 10/3/00 & 10/7/00, I knowingly committed theft of $843 from Courtesy Vending."

During the plea colloquy, the trial court commented on the fact that defendant had agreed to allow the judge to determine the sentence because the parties could not agree on the amount of restitution owed. The trial court and defendant then had the following exchange:

"THE COURT:   For the record, how do you plead to the charge of Theft in the First Degree between October 3rd and October 7th of 2000?

"[DEFENDANT]:   Guilty.

"THE COURT:   What did you do?

"[DEFENDANT]:   I took money from my employer.

"THE COURT:   All right. And although I understand obviously there is a difference in the amount of money, is it fair to say that you know it was over $750?

"[DEFENDANT]:   I believe so.

"THE COURT:   Okay. I'll accept the plea."

At the restitution hearing, the undisputed evidence was that the victim's total loss between October 3 and October 7, the dates charged in the indictment, was $843. However, the state also presented evidence of an accounting sheet prepared by the victim that compared estimated earnings with actual earnings between the date defendant began working for the victim, August 24, and the date she was fired, October 5. Through that method, the victim determined its loss was approximately $6,800 during the entire time defendant worked for the victim.

Defendant argued that, based on the indictment, the proper amount of restitution was $843. The state asked for $6,800 in restitution, explaining that,

> "at the time that this was charged and in the police reports, we had a felony amount that we were able to prove. And it was after the fact that the insured and the insurance company took the time to sit down and make the complete and total figure. It was something that [the victim] had told the police early on that he had expected it for a lengthier period of time. And I believe that he has sufficiently substantiated by two methods * * * the approximate amount of $6800."

The trial court ordered defendant to pay $250 restitution to the victim based on the victim's insurance deductible. Additionally, the trial court ordered defendant to pay $3,000 restitution to the insurance company "[a]fter consideration of the defendant's ability to pay." On appeal, defendant asserts that the trial court erred in imposing restitution in excess of $843 because the trial court's authority was limited by ORS 137.106.

Resolution of this matter requires the interpretation of ORS 137.106. To interpret that statute, we follow the familiar methodology provided in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Our goal is to determine the intent of the legislature. We begin with the text and context of the statute. *Id.* at 611.

ORS 137.106 authorizes the trial court to order restitution "[w]hen a person is convicted of a crime * * * that has resulted in pecuniary damages * * *." ORS 137.103(2) defines

"pecuniary damages" as special damages "which a person could recover against the defendant in a civil action *arising out of the facts or events constituting the defendant's criminal activities* * * *." (Emphasis added.) In turn, ORS 137.103(1) defines "criminal activities" as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant."

■      The plain import of ORS 137.106 is that, when a person is convicted of a crime, the trial court may impose restitution for damages recoverable in a civil action arising out of the facts or events constituting that crime or any other criminal conduct admitted by the defendant. *See State v. Stephens*, 183 Or App 392, 395-97, 52 P3d 1086 (2002) (ORS 137.106 permits restitution as long as the damages were caused in a "but for" sense by the criminal activities for which defendant was convicted or other criminal conduct admitted).

While not framed as such by the parties, the issues in this case are determining the "facts or events" that constitute defendant's criminal activities and determining whether the restitution awarded by the trial court arose out of those facts or events.

■      Defendant makes two arguments in support of her assignment of error. First, defendant asserts that she was convicted of taking $750. In addition, she admitted taking $843 in the plea petition. Thus, based on the conviction and defendant's admission, the trial court had a proper basis for imposing no more than $843 in restitution. We disagree with defendant's premise that she was convicted of taking $750. Theft in the first degree is defined, in part, as the theft of property valued at "$750 *or more*." ORS 164.055 (emphasis added). The indictment in this case charged, in part, that defendant "did unlawfully and knowingly commit theft of lawful currency of the United States of America, of the value of $750 *or more*." (Emphasis added.) That language did not limit the amount defendant was "convicted" of, or the amount that the trial court could impose, to $750.

■      Defendant next argues that she was charged with and convicted of theft in the first degree on or between October 3 and October 7, 2000, and that the evidence was undisputed that $843 was taken between those dates.

According to defendant, restitution imposed for losses before that time period was improper. We agree.

Defendant was specifically charged with, and pleaded guilty to, theft in the first degree on or between October 3 and October 7, 2000. Defendant was not charged with or convicted of theft occurring during the earlier period of time, and defendant did not admit to any other criminal conduct. Under the facts of this case, the court lacked authority to impose restitution in excess of the undisputed $843 that was taken over the five-day period alleged in the indictment, because the earlier damages did not arise from the criminal activities to which defendant pleaded guilty. *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000) ("Defendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit having committed.").

■ The state argues that the dates in a charging instrument are not "material elements," and therefore they should be excised from the indictment. Thereafter all that remains is theft over $750, and the state is no longer limited in seeking restitution for a greater period of time. We disagree.

■ We have recently explained that the term "material element" is redundant. *State v. Reynolds*, 183 Or App 245, 249, 51 P3d 684 (2002). "If an allegation is truly an 'element' of a crime, by definition, it is 'material.' But the point of the legislature's use of the term seems clear enough: A 'material element' is one that the state *must* prove to establish the crime charged." *Id.* (emphasis in original). That being said, whether or not dates are an element of the crime charged in this case is irrelevant. The restitution statutes at issue, ORS 137.106 and ORS 137.103, do not speak in terms of elements but rather limit the restitution that may be awarded to damages "arising out of the facts or events constituting a defendant's criminal activities." ORS 137.103(2). The dates in this case were facts contained in the indictment and to which defendant specifically pleaded guilty. *See* ORS 132.550(6) (an indictment shall contain a statement that the offense "was committed on, or on or about, a designated date, or during a designated period of time"). We find no support for the state's

proposition that the state may charge a defendant with a certain temporal specificity and then, after the defendant pleads guilty, excise the specified time and expand the defendant's liability during a restitution hearing.[1]

To summarize, defendant was convicted of theft in the first degree over a five-day period. The undisputed evidence was that defendant stole $843 during that period. The trial court was not authorized to impose additional restitution for amounts allegedly taken before the time period charged.

Reversed and remanded for resentencing; otherwise affirmed.

---

[1] The state's argument regarding elements would be more applicable in a dispute regarding the propriety of amending an indictment without returning to the grand jury. *See State v. Wimber*, 315 Or 103, 843 P2d 424 (1992) (reviewing cases about time, elements, and amending indictments). Here, despite discussions in the record that demonstrate that the state was aware of the additional dates and amounts of money before defendant entered her plea, and despite the broad discretion that the state has in charging persons, the state never moved to amend the dates in the indictment.