Argued and submitted September 27, remanded for resentencing; otherwise affirmed November 14, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KELLIE RAE DORSEY,
*Defendant-Appellant.*

Polk County Circuit Court
11P3014; A148866

314 P3d 331

William M. Horner, Judge.

Elizabeth G. Dailey, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-In-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Mary H. Williams, Deputy Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals an amended judgment of conviction for theft in the first degree, ORS 164.055, contending that the trial court lacked authority to impose the amount of restitution that it did. Defendant contends that, because her plea petition only specified criminal conduct that occurred over a 16-day period, the trial court could not lawfully impose restitution for criminal conduct spanning a 65-day period. We agree with defendant that the trial court's restitution order was plain error, and we conclude that it is appropriate to exercise our discretion to correct the error and remand for resentencing.

The facts are not disputed. Defendant worked as a cashier at Thrifty Market for 85 days beginning in April 2010 and ending in August 2010. Her employer became suspicious that defendant was stealing money from the register; a review of the store's video surveillance system showed that defendant had stolen $1300 over a two-day period in July. She was also observed taking $270 on August 5. Defendant was charged with first-degree theft, ORS 164.055.[1] The information read, in pertinent part, "The defendant, on or about July 21, 2010, in Polk County, Oregon, did unlawfully and knowingly commit theft of money, in an amount greater than $1,000, the property of Thrifty Mart [sic] * * *." Defendant eventually pleaded guilty to that charge, pursuant to a plea petition in which she acknowledged that, "[o]n or between July 21, 2010 to August 5, 2010 in Polk County Oregon, I unlawfully and knowingly committed theft of money, in the amount of more than $1,000, the property of Thrift [sic] Market."

The trial court accepted defendant's guilty plea and subsequently held a restitution hearing after allowing the state time to investigate the victim's damages. The state requested $43,070 in restitution based on the confirmed theft amounts and the state's assertion that defendant was stealing approximately $500 a day over the entire 85-day course of her employment. The state based that assertion on the representations of Thrifty Market's owners about the

---

[1] Defendant was also charged with possession of methamphetamine, ORS 475.894; that count was later dismissed and is not at issue in this appeal.

shortfall in the store's expected receipts during that time. Defense counsel contended that the stolen amount was far less than that. Specifically, defense counsel stated, "She is acknowledging that there may have been as much as [$]200 on 10 or 12 different occasions." Defense counsel asked the trial court to find that the actual loss to the victim was $5,000 or less.

In a letter opinion, the trial court imposed $33,995 in restitution. As support for that figure, it cited the testimony of one of the people who helped defendant take the money from the store, who explained that she received $200 to $300 in cash each time she picked up money from defendant. The trial court then explained that, based on its previous experience with similar cases, the "embezzler" tends to underestimate the amount of money that he or she took. The court then averaged the amounts that defendant took on the occasions that she had been observed stealing, reaching a $523 figure. It then gave defendant "the benefit of the doubt" that she was not stealing during the first 20 days of her employment. The court multiplied the remaining 65 days of employment by $523 to arrive at $33,995 in restitution.

Relying primarily on *State v. Howett*, 184 Or App 352, 56 P3d 459 (2002), defendant contends that the trial court lacked authority under the relevant restitution statutes, ORS 137.103 and ORS 137.106, to impose restitution for any criminal conduct committed outside of the 16 days during which defendant admitted that the conduct was ongoing. In *Howett*, the defendant was charged with theft for conduct that occurred "on or between October 03, 2000, and October 07, 2000." *Id.* at 354. The defendant pleaded guilty pursuant to a plea petition in which she acknowledged that she stole $843 "[o]n or between 10/3/00 & 10/7/00." *Id.* The victim, the defendant's employer, determined that its loss from the defendant's theft from August 24 to October 5 was $6,800. The trial court imposed $3,250 in restitution.

On appeal, we began by interpreting the then-extant version of ORS 137.106, which authorized a trial court to order restitution when a person had been convicted of a crime that resulted in "pecuniary" damages. We noted that ORS 137.106 permitted restitution "as long as the damages

were caused in a 'but for' sense by the criminal activities for which defendant was convicted or other criminal conduct admitted." *Howett*, 184 Or App at 356 (quoting *State v. Stephens*, 183 Or App 392, 395, 52 P3d 1086 (2002). In *Stephens*, we stated that the three prerequisites to an order of restitution in a criminal case are (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two. 183 Or App at 395; *see* ORS 137.103(1) (defining "[c]riminal activities" as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant").

With the foregoing in mind, we held that the trial court erred. Specifically, we explained:

> "Defendant was specifically charged with, and pleaded guilty to, theft in the first degree on or between October 3 and October 7, 2000. Defendant was not charged with or convicted of theft occurring during the earlier period of time, and defendant did not admit to any other criminal conduct. Under the facts of this case, the court lacked authority to impose restitution in excess of the undisputed $843 that was taken over the five-day period alleged in the indictment, because the earlier damages did not arise from the criminal activities to which defendant pleaded guilty. *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000) ('Defendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit having committed.')."

*Howett*, 184 Or App at 357.[2]

The state responds that defendant failed to make any argument under *Howett* before the trial court and that

---

[2] Since *Howett* was decided, the legislature has amended the relevant restitution statutes several times. *See* Or Laws 2003, ch 670, § 1; Or Laws 2005, ch 564, §§ 1, 2; Or Laws 2007, ch 425, § 1; Or Laws 2007, ch 482, § 1. Nonetheless, we have consistently upheld the rule announced in that case under subsequent versions of the statute, most recently in *State v. Carson*, 238 Or App 188, 192, 243 P3d 73 (2010) ("'When a person is convicted of a crime, the trial court may impose restitution for damages recoverable in a civil action arising out of the facts or events constituting that crime or any other criminal conduct admitted by the defendant.'" (Quoting *Howett*, 184 Or App at 356.)). *See also State v. Thorpe*, 217 Or App 301, 306, 175 P3d 993 (2007) (stating that "to support restitution, the record must clearly reflect that the defendant admitted to unconvicted conduct that constitutes a criminal offense"). The legislature recently amended ORS 137.106 again. Or Laws 2013, ch 388, § 1. Those changes are not relevant to the issues presented in this appeal.

the argument is, therefore, unpreserved for purposes of this appeal. To be raised and considered on appeal, an issue "ordinarily must first be presented to the trial court." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). "What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court." *Id.* at 220. In arguing that she adequately preserved the issue that she now advances on appeal, defendant points out that she argued that the amount of restitution sought by the state was not charged in the information and "did not accurately reflect her criminal activities." Although defendant did challenge the amount of restitution in the trial court, she did so by urging the trial court to make favorable factual findings. Specifically, defendant's counsel asked the trial court to find that the person who collected the money from defendant was not a credible witness; counsel also stated, "We'll ask the [c]ourt to make a finding that the actual loss is [$]5,000 or less * * *." That sentence captures well the position that defendant took in opposing a higher amount of restitution; nowhere did she argue, as she does in this appeal, that the trial court lacked the legal authority to impose restitution for amounts stolen outside of the 16-day period identified in the plea petition.

Defendant nonetheless urges us to consider her argument as a matter of plain error. *See* ORAP 5.45(1) (providing that "the appellate court may consider an error of law apparent on the record"). An appellate court may exercise its discretion to consider an unpreserved argument, provided that (1) the error is one of law, (2) the legal point is "obvious, not reasonably in dispute," and (3) the error appears on the "face of the record," *viz.*, we "need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). The first two requirements for plain error review are satisfied here. We have consistently interpreted the restitution statutes to mean that a "[d]efendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity for which he was not convicted or which he did not admit

having committed." *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000). The third requirement is also met, for the record reveals that the information in this case charged defendant with stealing "on or about July 21, 2010"; that defendant's plea petition acknowledges that she stole from July 21 to August 5; and that the trial court's letter opinion awarded restitution for conduct that took place outside of that period. Defendant was not convicted for, and did not admit to, thefts that took place other than those committed from July 21 to August 5.[3] The error in this case was plain.

We must next resolve whether to exercise our discretion to correct the error. Among the relevant considerations that we may consider are

> "[t]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way * * *."

*Ailes v. Portland Meadows Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

We conclude that this is an appropriate case in which to exercise our discretion to correct the error. Most importantly, the gravity of the error is substantial; defendant was ordered to pay a large sum in restitution that went well beyond what either her conviction or her admitted criminal conduct would support. Next, there is no danger that defendant made a "strategic choice" not to assert the legal argument she now makes on appeal. *Cf. State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007) (identifying that possibility as mitigating against the exercise of discretion to review for plain error). Following her conviction, there was no conceivable advantage to defendant in not advancing an argument

---

[3] The state attempts to distinguish this case from *Howett* and *Seggerman* by pointing out that the information in this case was open-ended, insofar as it alleged that defendant stole "an amount greater than $1,000" and its only temporal allegation was that defendant committed the offense "on or about July 21, 2010." Thus, reasons the state, the information can be read as supporting restitution for a 65-day period of criminal conduct. That argument is not tenable because the plea petition operated to limit the conduct that defendant "admit[ted] having committed." *Seggerman*, 167 Or App at 145.

under *Howett*. Moreover, "the error [can] be corrected on remand with a minimum expenditure of judicial time and resources, and thus it does not undercut or offend notions of judicial efficiency." *State v. Medina*, 234 Or App 684, 688, 228 P3d 723 (2010) (internal quotation marks and brackets omitted).

Remanded for resentencing; otherwise affirmed.