Submitted July 7, remanded for resentencing; otherwise affirmed
September 10, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONTE MUHAMMAD,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1201333; A154464

335 P3d 1281

Peter Gartlan, Chief Defender, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

Defendant and his wife pleaded guilty to various crimes involving health care fraud, and the trial court ordered them to pay restitution, jointly and severally, in the amount of $229,886.63. *See* ORS 137.106 (authorizing an award of restitution when "a person is convicted of a crime *** that has resulted in economic damages"). On appeal, defendant argues that the restitution amount erroneously included damages resulting from crimes for which only his wife had been charged and convicted. The state concedes the error and, for the reasons that follow, we accept the concession and remand for resentencing.

The relevant facts are undisputed. Defendant and his wife were separately indicted on charges related to health care fraud. The charges against defendant were based on activities that occurred between November 1, 2009 and July 15, 2012, whereas the charges against his wife covered a more expansive period from 2007 to 2012. After defendant and his wife pleaded guilty to a number of offenses, the state sought restitution from both of them. At a hearing on the question of restitution, the state presented evidence that defendant or his wife had engaged in criminal activities between August 2007 and July 2012 that caused economic damages in the amount of $229,886.63.

Defendant, in response, argued that he should not be required to pay restitution for the entire five-year period because, among other reasons, the state had not charged him with criminal activities that occurred before November 2009. The state, in reply, argued that defendant had lived with his wife "the entire time and benefited from this lifestyle. He ate with her, he went shopping with her, he lived in the same home with her, he bought electronics with her for his kids. They benefited from this amount as a married couple." The trial court agreed with the state's theory and imposed the full amount of restitution ($229,886.63) jointly and severally on defendant and his wife:

"I am going to order the amount that is requested by the State in the full amount. It is going to be joint and several as to both [defendant and his wife]. As I have observed the evidence, as I read the evidence, culpability is not

truly separable. It may be that [defendant's wife] bears the greater burden of responsibility and shame out of this, but the liability will be joint and several."

On appeal, defendant argues that the trial court erred by requiring him to pay restitution for economic damages that were incurred before the crimes for which he was charged and to which he pleaded guilty. Defendant argues, and the state concedes, that, under our case law, it is error—plain error, in fact—for a trial court to impose restitution based on activities that occurred outside the period of time covered by the defendant's plea agreement. *E.g., State v. Dorsey*, 259 Or App 441, 314 P3d 331 (2013) (relying on, among other cases, *State v. Howett*, 184 Or App 352, 56 P3d 459 (2002)).[1]

In *Dorsey*, the defendant pleaded guilty to stealing from her employer over a 16-day period, but the trial court imposed restitution for additional amounts stolen during another time period. On appeal, the defendant argued that, although she had not raised the issue below, the trial court had plainly erred in awarding restitution based on conduct that was not covered by her plea. We agreed, explaining that "[w]e have consistently interpreted the restitution statutes to mean that a [d]efendant cannot be required to pay restitution for pecuniary damages arising out of criminal activity *for which he was not convicted or which he did not admit having committed.*" 259 Or App at 445-46 (internal quotation marks and citation omitted; emphasis added).

Here, as in *Dorsey*, the trial court's restitution award included economic damages arising out of criminal activities for which defendant was not convicted and did not admit having committed. Defendant was charged with and pleaded guilty to criminal activities that began in November 2009, but the restitution award included economic damages that were incurred as early as 2007. The fact that defendant

---

[1] This is not a case in which defendant stipulated to the imposition of restitution for conduct for which he was not convicted and did not admit to committing. *See State v. Carson*, 238 Or App 188, 192, 243 P3d 73 (2010) (explaining that, "[e]ven though the statutory framework generally limits restitution awards to damages resulting from crimes of conviction or other criminal activities to which a defendant has admitted, the parties may alter that framework by agreement or waiver").

may have benefitted from his wife's earlier criminal activities, as the trial court found, does not alter the reach of the restitution statutes. It was error for the trial court to impose restitution jointly and severally on defendant for criminal activities that occurred before the dates covered by his plea agreement. We therefore accept the state's concession and remand the case for resentencing.

Remanded for resentencing; otherwise affirmed.