Argued and submitted November 24, 2015, remanded for resentencing, otherwise affirmed May 25, 2016

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**DANNY DALE AKERMAN,**
*Defendant-Appellant.*

Tillamook County Circuit Court
131105; A156463

380 P3d 309

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Gregory Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Garrett, Judge.

**TOOKEY, J.,**

Following a guilty plea, defendant was convicted of unlawful possession of a controlled substance, ORS 475.752(3), and the state dismissed a charge of burglary in the first degree, ORS 164.225. On appeal, defendant challenges the portion of the judgment that ordered him to pay restitution to the victim in the amount of $12,641. Defendant's assignment of error challenges the trial court's ruling that there was a sufficient causal connection between defendant's criminal activities and the items stolen from the victim's house in previous years to support the imposition of restitution for all of those items. We agree that the evidence is insufficient to allow a finding that defendant's criminal activity caused a $12,641 economic loss to the victim. We therefore remand for resentencing, and otherwise affirm.

"We review the evidence supporting the trial court's restitution order in the light most favorable to the state." *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015). In a rural part of Tillamook County, Hollopeter and his son approached a home to get permission to cross the property so they could access the river and go fishing. As the pair entered the property, defendant emerged from the bushes and asked Hollopeter if Hollopeter was the owner of the home. Hollopeter replied that he was not the owner of the property. Defendant told Hollopeter that he was there to clean up some things for the owner and that earlier that day he went inside the house. Hollopeter found defendant's story to be suspicious, and he thought that defendant was under the influence of drugs, so he went to a neighbor's house and called 9-1-1.

Deputies arrived at the property and detained defendant to ask him why he was there. Defendant told Deputy Kelly that his girlfriend had spoken with the owner over a year ago and asked for permission to put a trailer on the property to act as caretakers. After not receiving a response from the owner, or obtaining permission to be on the property, defendant told Kelly that he went inside the house to look around that day, and that he decided to help the owner by cleaning up some of the metal in the yard and stacking it in a pile next to his bicycle. Kelly observed that

defendant "was sweating a lot and wasn't able to sit still." Additionally, Kelly, who previously had encountered defendant, noticed that defendant "had lost a lot of weight and it appeared that his teeth were missing." Based on those observations, Kelly suspected that defendant was under the influence of methamphetamine. Kelly obtained defendant's consent to search his bag for drugs.

As Kelly began to search defendant's bag, Kelly noticed that one of the side pockets was open and he could see metal and wiring that looked like it came from the property. In the center of the bag, Kelly found a bag of methamphetamine inside one of defendant's work boots, along with some other drug paraphernalia. Kelly arrested defendant who was later indicted for burglary in the first degree and unlawful possession of a controlled substance.

As noted, defendant pleaded guilty to possession of a controlled substance. The plea agreement included a stipulation that defendant would be assessed restitution for the dismissed burglary charge. Following defendant's sentencing, the court held a restitution hearing. The state offered, and the court received into evidence, a list of all the items that had been stolen from the victim's property over an approximate two-year period that the property had remained vacant. Listed items included automobiles, household appliances, and smaller items that could be sold as scrap metal. The list also included values for each stolen item.

The state argued that the evidence supported a finding that defendant had taken all of the items. The state offered evidence that a large amount of scrap metal had been removed from the property during the time defendant knew it was vacant; the stolen items were commonly associated with methamphetamine use and defendant was a known drug user; and that the victim had received a call from defendant's girlfriend's phone number in which the caller stated that she knew where one of the stolen cars was. The state contended that the evidence supported a reasonable inference that on the day he was arrested, "defendant had returned to pick up the little stuff that was left and that he's, in fact, been essentially mining this property."

Defendant responded that "it would be a huge logical leap" to conclude that he was the only person who had taken the victim's personal property during the two years that the property was vacant. Defendant asserted that just because the caller knew where one of the stolen cars was, that evidence did not prove that defendant "took or had possession of that vehicle, and it certainly doesn't mean that [defendant] took or had possession of * * * all the other items that were listed here." Furthermore, defendant contended that all of the things on the list, other than smaller pieces of metal and wiring, would be impractical to transport on his bicycle.

The trial court ruled that no restitution would be awarded for the vehicles, because they were outside and defendant was charged with burglary in the first degree. It concluded that the vehicles could not be tied to the crime of burglary for restitution purposes, because burglary in the first degree requires that a defendant have intended to commit the crime inside of a dwelling. The court awarded the victim $12,641 in restitution for the items on the list that had been stolen from inside the home, including: foam insulation, two water heaters, a jetted bathtub, a wood stove and piping, a tub and shower enclosure, an electric stove, toilets, sinks, plumbing, and wiring.

On appeal, defendant argues that the trial court lacked statutory authority to impose restitution for the value of the property taken during the two years that the home had been vacant, because the evidence was not sufficient to show that defendant's criminal activities had caused the losses. Furthermore, defendant notes that he "never agreed that he caused any of the thousands of dollars in losses that the victim had experienced over the preceding years when his house was vacant." The state responds that the evidence in the record supports the trial court's restitution order, because it shows that "defendant stole scrap metal from the victim in June 2013, is a persistent drug user, and had long-time knowledge that the victim's property was abandoned."

Before a court can award restitution, ORS 137.106(1) requires the state to provide sufficient evidence of "(1) criminal

activities, (2) [economic] damages, and (3) a causal relationship between the two." *State v. Dorsey*, 259 Or App 441, 444, 314 P3d 331 (2013).[1] The record must support a nonspeculative inference that there is a causal relationship between the defendant's criminal activities and the victim's economic damages. *State v. Ivory*, 231 Or App 381, 385, 220 P3d 56 (2009). ORS 137.103(1) defines "criminal activities" as "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant." Thus, a defendant "cannot be required to pay restitution for [economic] damages arising out of criminal activity for which he was not convicted or which he did not admit having committed." *Dorsey*, 259 Or App at 445-46. As we have stated, "whether those prerequisites have been met is ultimately a legal question" that will depend "on the trial court's factual findings." *Kirkland*, 268 Or App at 424-25.

Here, the parties do not dispute that the victim suffered some economic damages. Rather, the parties' dispute concerns whether defendant's criminal activities are causally related to all of the victim's economic damages that he suffered over a two-year period.

The first prerequisite under ORS 137.106(1), which requires the state to provide sufficient evidence of a defendant's "criminal activities," operates as an "absolute limit on a trial court's authority to conduct factfinding to justify a restitution order: A defendant cannot be required to pay restitution for [economic] damages arising out of criminal activity for which he was not convicted or which he did not admit having committed." *Kirkland*, 268 Or App at 425 (citations and internal quotation marks omitted).

We applied that rule in *State v. Howett*, 184 Or App 352, 354, 56 P3d 459 (2002), a case in which the defendant was indicted for theft for stealing money from her employer.

---

[1] ORS 137.106(1)(a) provides, in part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court * * * evidence of the nature and amount of the damages. * * * If the court finds from the evidence presented that a victim suffered economic damages, * * * the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

The indictment alleged that the theft occurred "'on or between October 03, 2000, and October 07, 2000,'" and in the plea petition, the defendant pleaded guilty to committing theft during that time period. *Id.* We concluded that "the trial court was not authorized to impose additional restitution for amounts allegedly taken before the time period charged," because the defendant only pleaded guilty to the thefts that occurred between the dates alleged in the indictment. *Id.* at 358. We reached a similar conclusion in *Dorsey,* where the information alleged that the defendant stole property "on or about July 21, 2010," the defendant's plea petition "acknowledge[d] that she stole from July 21 to August 5," the defendant "was not convicted for, and did not admit to, thefts that took place other than those committed from July 21 to August 5," and the trial court imposed restitution for thefts that occurred "over the entire 85-day course of her employment" that began in April 2010 and ended in August 2010. 259 Or App at 442-46.

We find that this case is analogous to *Howett* and *Dorsey.* Here, the burglary charge in the indictment alleged that "defendant, on or about June 8, 2013, * * * did unlawfully and knowingly enter and remain in a dwelling * * * with the intent to commit the crime of theft and criminal mischief therein." As previously noted, defendant stipulated to an award of restitution to the victim that had a factual nexus to that dismissed burglary charge, in other words, defendant's unequivocal admission was entering the victim's home on or about June 8, 2013, to commit a theft. *See Kirkland,* 268 Or App at 425 ("[A] court may consider * * * other conduct that the defendant has admitted, provided that the defendant's admission is unequivocal and clearly reflected on the record.").

In sum, as in *Howett* and *Dorsey,* defendant's guilty plea and stipulation at the restitution hearing did limit his criminal activity to the admitted burglary on or about June 8, 2013. Thus, the court's factfinding was limited to the causal relationship between the admitted burglary on or about June 8, 2013, and the victim's economic damages. Here, the evidence only supports an order of restitution for the stolen property found in defendant's bag on June 8, 2013, as no evidence was presented that anything else was stolen

by defendant during the time period that he admitted to. We conclude that the trial court erred when it ordered restitution for the stolen property that was not causally related to the burglary charge that defendant admitted to.

Remanded for resentencing, otherwise affirmed.