AOYAGI, J.
*518 Defendant was convicted of two counts of theft in the first degree and ordered to pay $4,442.23 in restitution. On appeal, he raises four assignments of error, each of which challenges a portion of the restitution award. With respect to the second and third assignments of error, we agree with the state that defendant invited or waived any objection to the alleged errors and therefore reject those assignments without further discussion. Regarding the first and fourth assignments of error, we agree with defendant that the trial court erred. Accordingly, we remand for resentencing.
Defendant and his girlfriend took jewelry from the home of his girlfriend's mother, S, and then pawned individual pieces on different dates. Defendant was charged with three counts of theft in the first degree, ORS 164.055, based on theft-by-receiving. Count 1 pertained to defendant's pawning of S's jewelry on December 15, 2013. Count 2 pertained to his pawning of S's jewelry on December 16, 2013. Count 3 pertained to his alleged pawning of S's jewelry on December 22, 2013. Defendant pleaded guilty to Counts 1 and 2. Count 3 was dismissed.
The trial court subsequently held a restitution hearing. As relevant here, the state requested that defendant be ordered to pay $550 in restitution to Hillsboro Pawn to compensate for losses that the pawn shop suffered as a result of defendant or his girlfriend pawning jewelry on December 3, 10, 14, 15, 16, 18, 19, and 22, which the pawn shop later returned to S. The court agreed *806 and awarded $550 to Hillsboro Pawn, to be paid by defendant "joint and several" with his girlfriend.[1] That portion of the restitution award is the subject of defendant's first assignment of error.
The state also requested that defendant be ordered to pay $236.81 of restitution to J, the husband of S, for lost wages that he incurred on January 2, 2014, when he missed 7.12 hours of work. At the restitution hearing, J testified that, on the morning of January 2, S called him "screaming" that she had found a man on the floor in their craft *519 room, "[a]nd then she realized that it was [defendant] on the floor." J insisted on speaking with their daughter, who resisted taking the phone but finally took it. J told their daughter that he would have her and defendant arrested for trespassing if they were not gone by the time he got home. J described himself as "red zone at that time. I was so mad." J left work "because I was so upset." It took him an hour to drive home. There is no evidence that defendant was present when J arrived home. The court included J's lost wages on January 2, 2014, in its restitution award. That portion of the restitution award is the subject of defendant's fourth assignment of error.
We review the restitution award for errors of law. State v. Harrington , 229 Or. App. 473, 476, 211 P.3d 972, rev. den. , 347 Or. 365, 222 P.3d 1091 (2009). Evidence supporting the restitution award is viewed in the light most favorable to the state. State v. Kirkland , 268 Or. App. 420, 421, 342 P.3d 163 (2015).
Because defendant did not preserve the alleged errors, he asks that we review for plain error. An error is plain if it is (1) an error of law; (2) obvious and not reasonably in dispute; and (3) apparent on the record without requiring the court to choose among competing inferences. ORAP 5.45(1) n. 1; State v. Steen , 346 Or. 143, 147 n. 5, 206 P.3d 614 (2009). We have discretion to correct an unpreserved error that is plain error after considering "[t]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991).
We begin with defendant's first assignment of error, regarding the restitution award to Hillsboro Pawn. A trial court may order restitution when a person is convicted of a crime that has resulted in economic damages. ORS 137.106. In support of a restitution award, the state must prove "(1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." Kirkland , 268 Or. App. at 424, 342 P.3d 163 (internal brackets and footnote omitted). "Criminal activities" means "any offense with respect to which the *520 defendant is convicted or any other criminal conduct admitted by the defendant." ORS 137.103(1) (emphases added). A defendant "cannot be required to pay restitution for [economic] damages arising out of criminal activity for which he was not convicted or which he did not admit having committed." State v. Dorsey , 259 Or. App. 441, 445-46, 314 P.3d 331 (2013). Absent an admission, that includes not being required to pay restitution for alleged criminal activity that occurred outside the time period covered by the conviction. "[U]nder our case law, it is error-plain error, in fact-for a trial court to impose restitution based on activities that occurred outside the period of time covered by the defendant's plea agreement." State v. Muhammad , 265 Or. App. 412, 414, 335 P.3d 1281 (2014).
Here, defendant was charged only with theft-by-receiving (not theft-by-taking), and he pleaded guilty and was convicted only with respect to those items that he pawned on December 15 and 16, 2013. He was not convicted of any other offense, nor did he admit to any other criminal conduct. The state relies on Kirkland to argue that the trial court nonetheless did not commit plain error in awarding restitution to Hillsboro Pawn for thefts that occurred on other dates. We reject the state's argument because the situation in Kirkland was different from the situation here.
*807 In Kirkland , multiple items of jewelry were stolen from the victim. 268 Or. App. at 421-22, 342 P.3d 163. The victim saw one of the stolen items, an opal necklace, in a pawn shop and notified the police, who identified the defendant from the pawn shop's bill of sale and arrested him. Id . at 421, 342 P.3d 163. During a police interview, the defendant admitted to stealing the victim's jewelry and selling it to various people, expressed remorse, and said "that he would try to recover the jewelry, although defendant could not remember to whom he had sold all of it." Id . at 422, 342 P.3d 163. The defendant was charged with theft in the first degree, based on theft-by-receiving. Id . at 421, 342 P.3d 163. The indictment alleged that the "defendant, on or about September 25, 2012, in Douglas County, Oregon, did unlawfully and knowingly commit theft of jewelry, the property of [the victim], by selling the property, defendant knowing that the property was the subject of theft." Id . The defendant pleaded guilty. Id . at 422, 342 P.3d 163. In doing so, he did not *521 limit his plea to certain items of jewelry or to jewelry sold to the pawn shop. Id . The trial court awarded restitution to the victim for all of her unrecovered stolen jewelry, over the defendant's objection that his conviction was limited to the opal necklace. Id . at 427, 342 P.3d 163. We affirmed, because the defendant's contention was "not borne out by the record." Id . To the contrary, the charge, the defendant's guilty plea, and the resulting conviction were broad enough to encompass all of the stolen jewelry that the defendant had sold. See id . at 423, 342 P.3d 163 ("[T]he trial court's award is a permissible result of defendant's guilty plea itself, which is sufficient to encompass all of the victim's missing jewelry, not just the necklace.").
By contrast, in this case, the counts to which defendant pleaded guilty-theft-by-receiving on December 15 and 16, 2013-did not encompass all of S's jewelry that was pawned. They encompassed only the jewelry that defendant pawned on those two dates, and the state's evidence at the restitution hearing established exactly which pieces of jewelry were pawned on those two dates and which pieces were pawned on different dates. See id . at 425, 342 P.3d 163 (recognizing that trial court may, at restitution hearing, "conduct additional fact-finding regarding the amount of damages," based on the same type of evidence it may consider at a sentencing hearing). The trial court erred when it ordered defendant to pay restitution to Hillsboro Pawn for additional crimes that he allegedly committed on dates other than December 15 and 16, 2013.
The state established that Hillsboro Pawn suffered $140 in losses as a result of the theft on December 15, 2013, and $50 in losses as a result of the theft on December 16, 2013. Those losses were properly included in the restitution award to Hillsboro Pawn. The other losses were caused by alleged thefts-by-receiving on different dates for which defendant was not convicted and to which he did not admit and therefore cannot be included in a restitution order.[2]
*522 The error meets all three requirements for plain error. First, it is an error of law. State v. Benz , 289 Or. App. 366, 370, 409 P.3d 66 (2017) ("whether a trial court complied with the restitution requirements in ORS 137.106 is a question of law"). Second, the law on this point is obvious and not reasonably in dispute. See id . Third, the error is apparent on the record without requiring us to choose among competing inferences. See id . at 370-71, 409 P.3d 66 (reaching same conclusion in similar circumstances). It is then a matter of discretion whether to correct the error, and, having considered the various factors, we exercise our discretion to do so. See Ailes , 312 Or. at 382 n. 6, 823 P.2d 956 (discretionary *808 factors). Defendant was ordered to pay $360 of restitution to Hillsboro Pawn for conduct of which he was not convicted and to which he did not admit, which is a grave error, especially for a person of limited financial means. See id. The state has no interest in an unlawful restitution award, and the ends of justice are not served by an unlawful restitution award. See id. Although the lack of preservation weighs against review, that consideration does not outweigh the other considerations. Principles of judicial efficiency nearly always weigh against review of unpreserved issues so "that factor often offers little useful guidance." Benz , 289 Or. App. at 372, 409 P.3d 66. Indeed, "we have consistently exercised discretion to correct plain errors in restitution awards, even where a defendant's objection below was vague or nonexistent." Id . at 371, 409 P.3d 66. We do the same here.
In his fourth assignment of error, defendant assigns error to the portion of the restitution award requiring him to pay $236.81 to J for lost wages incurred on January 2, 2014. "[W]hether a crime has resulted in economic damages under ORS 137.106 is a function of two considerations, namely, causation and foreseeability." State v. Gerhardt , 360 Or. 629, 635, 385 P.3d 1049 (2016) (internal quotation marks omitted). "Causation is satisfied if the crime is a but-for cause of the economic damages." Id . Foreseeability requires the court "to determine whether damages are too attenuated to be recoverable" based on "whether a reasonable person in the defendant's position would have foreseen that someone *523 in the victim's position could reasonably incur damages of the same general kind that the victim incurred." State v. Ramos , 358 Or. 581, 597, 368 P.3d 446 (2016).
The state asserts in its brief on appeal that there was a causal relationship between the theft offenses of which defendant was convicted and J's lost wages on January 2, 2014, because "the reason that [J and S] refused to allow him in their home resulted directly from his thefts."[3] The state cites no evidence to support that assertion, however, and we have found none in the record. Neither J nor S testified at the restitution hearing as to whether, when, or why defendant was prohibited from entering their house. Moreover, at the plea hearing, the state indicated that defendant had been prohibited from entering the house before the jewelry was taken due to concerns about his using drugs with their daughter. Because the state did not establish a causal link between defendant's thefts on December 15 and 16, 2013, and J's lost wages on January 2, 2014, the court erred in awarding restitution for those lost wages, and we need not reach the issue of foreseeability.
The error meets all three requirements for plain error. See Benz , 289 Or. App. at 370, 409 P.3d 66 (three requirements). First, it is an error of law. Id . Second, the requirement that the state prove causation is obvious and not reasonably in dispute. ORS 137.106(1) ; Gerhardt , 360 Or. at 635, 385 P.3d 1049 ; Kirkland , 268 Or. App. at 425, 342 P.3d 163. Third, the error is apparent on the record without requiring us to choose among competing inferences. See Steen , 346 Or. at 147, 206 P.3d 614 (third requirement). Defendant was ordered to pay $236.81 of restitution without any evidence of a causal link between J's lost wages on January 2, 2014, and criminal conduct of which defendant was convicted or to which he admitted. Having considered the various factors, we exercise our discretion to correct the error for the same reasons as discussed regarding the first assignment of error. See Ailes , 312 Or. at 382 n. 6, 823 P.2d 956 (discretionary factors).
Remanded for resentencing; otherwise affirmed.

Defendant's girlfriend pleaded guilty to three counts of theft in the first degree, ORS 164.055, based on her having pawned jewelry belonging to her mother on December 6, 10, and 14.

In addition to Kirkland , the state cites a number of causation cases to argue that the restitution award is based on permissible factfinding. See, e.g. , State v. Stephens , 183 Or. App. 392, 399, 52 P.3d 1086 (2002) (affirming award of restitution in theft-by-receiving case where defendant's abandonment of a stolen vehicle resulted in its tires and wheels being taken). As we said in Kirkland , the prohibition against awarding restitution for damages arising out of criminal activity other than that for which a defendant has been convicted or to which the defendant has admitted is an "absolute limit on a trial court's authority to conduct factfinding to justify a restitution order." 268 Or. App. at 425, 342 P.3d 163. The state's reliance on the causation cases that it cites is misplaced.

Defendant was not convicted of trespassing, nor did he admit to trespassing. The state does not argue that the lost wages were caused by any alleged trespassing.