ORTEGA, P. J.
*451 Defendant appeals from violation of probation judgments that revoked his probation in five separate cases-case numbers 16CR82640, 17CR02471, 17CR07681, 17CR13280, and 17CR13282-and imposed sentencing terms. Defendant challenges only the trial court's imposition of $138 in restitution on one of the counts in case number 17CR07681 and does not challenge the judgments in the other cases. We conclude that the trial court erred in imposing restitution in that case, and, accordingly, we reverse the imposition of restitution in case number 17CR07681 and otherwise affirm.
While on probation, defendant was arrested for possession of methamphetamine, of which he was later convicted. In the five cases listed above, after defendant's arrest, the state filed motions to show cause why defendant's probation should not be revoked. The trial court granted those motions and consolidated the cases for a hearing. Separately, defendant was also charged with second-degree theft from a Walmart, case number 17CR34703, which was set for trial on the same day as the probation violation hearing. In a bench trial, the trial court convicted defendant of second-degree theft, which defendant did not admit to, having testified that he paid for $138 of merchandise. The trial court then turned to the probation violation hearing. At the conclusion of that hearing, the trial court found that defendant had violated his probation.
Before sentencing, the state made sentencing recommendations for the five probation violation cases, as well as for the second-degree theft case. With regard to the theft case, the state requested imposition of restitution payable to Walmart "to be attached to one of his cases where he'll be put on post-prison supervision." Defendant objected to the imposition of any restitution. The trial court then sentenced defendant in each of the probation violation cases. In each case, the court revoked probation and sentenced defendant to terms of incarceration and post-prison supervision. After completing sentencing *563 in those five cases, the trial court turned to sentencing in the theft case. With regard to restitution in the theft case, the trial court stated that "I'm going to set restitution in the amount of $138. That's the amount *452 that defendant admitted to." The trial court did not state that it would impose that restitution in a case other than the theft case itself. However, in case number 17CR07681, one of the probation violation cases, the trial court imposed $138 in restitution payable to Walmart. The judgment in case number 17CR07681 provides that, "[r]estitution is ordered from case # 17CR34703."
On appeal, defendant argues that the trial court erred in imposing restitution because the restitution was not based on the crime for which defendant was convicted in case number 17CR07681, nor was it based on conduct to which defendant had admitted. Defendant acknowledges that he did not preserve the precise challenge raised on appeal; however, he argues that he was not required to do so, because the trial court did not announce that it was imposing the restitution in case number 17CR07681, and, thus, the error appeared for the first time in the judgment. In the alternative, defendant requests that we exercise our discretion to correct the error as plain error.
In response, the state admits that "defendant is correct that a sentencing court, as a general rule, cannot impose restitution on a conviction in one case based on a loss that was incurred by a different victim as a result of a different crime committed by the defendant that is the basis for a conviction entered in a separate case." However, the state contends that defendant was required, but failed, to preserve his challenge. Additionally, the state argues that we should not exercise our discretion to correct the error under a plain error review.
We first conclude that defendant was not required to preserve the challenge that he raises on appeal because the error appeared for the first time in the judgment. State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010). We disagree with the state's position that defendant was required to object to the state's request that the restitution be attached to one of the other cases under the circumstances presented here. First, the state did not call attention to that request or renew it after the trial court had completed sentencing in the probation violation cases before separately turning to sentencing in the theft case. Indeed, *453 the trial court had a colloquy with defendant regarding the probation violation sentences before turning to sentencing in the theft case. Second, the trial court made no indication that it was considering, let alone intending to grant, the state's request when it expressly imposed restitution as part of the sentence for the theft case. See State v. Hillman , 293 Or. App. 231, 233, 426 P.3d 249 (2018) (concluding that defendant was not required to object to a fee that appeared in the judgment but was not announced by the court, even though the prosecutor had recommended imposition of the fee). Because the error appeared for the first time in the judgment in case number 17CR07681, defendant was not required to preserve the error for purposes of this appeal.
Turning to the merits, we agree with the parties that the trial court erred. It is error for a trial court to impose restitution in a case that is based on conduct that is not part of the crime of conviction and that the defendant did not admit to committing. State v. Howett , 184 Or. App. 352, 356, 56 P.3d 459 (2002) ("The plain import of ORS 137.106 is that, when a person is convicted of a crime, the trial court may impose restitution for damages recoverable in a civil action arising out of the facts or events constituting that crime or any other criminal conduct admitted by the defendant."); see also State v. Dorsey , 259 Or. App. 441, 445-46, 314 P.3d 331 (2013) (reversing as plain error imposition of restitution that was, based in part, on conduct that occurred outside the date range of conduct to which the defendant had admitted). Here, defendant did not admit to the conduct that formed the basis of his second-degree theft conviction in case number 17CR34703; and that conduct was not part of "the facts or events constituting" the crimes of which he was convicted in case number 17CR07681. The trial court erred when it imposed restitution *564 as part of the judgment in case number 17CR07681.
In case number 17CR07681, restitution award reversed; remanded for resentencing; otherwise affirmed. In case numbers 16CR82640, 17CR02471, 17CR13280, and 17CR13282, affirmed.