Submitted November 9; remanded for resentencing, otherwise affirmed
December 23, 2020

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# CHRISTOPHER MICHAEL SIDENER,
*Defendant-Appellant.*

Washington County Circuit Court
19CR05017; A171114

478 P3d 605

Theodore E. Sims, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin J. Snyder Severe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals an amended judgment impos-ing restitution. He pleaded guilty to first-degree criminal trespass, ORS 164.255, and was sentenced to probation. The original judgment of conviction contained a condition of probation that failing to appear at the restitution hearing "will result in waiving your right to object to the imposi-tion, amount or distribution" of restitution, although that condition was not announced in open court. Defendant did not appear at the restitution hearing and the court imposed restitution in his absence in the amount of $592.15.

On appeal, defendant contends that the trial court plainly erred in imposing restitution in his absence. The state concedes that the court erred in doing so. A valid waiver requires intentional relinquishment of a known right. We cannot assume from the presence of a waiver provision in a judgment that a defendant voluntarily and intentionally waived a right to be present at the restitution hearing. *See State v. Kesch*, 150 Or App 288, 291, 946 P2d 322 (1997) (provision in judgment that, if defendant failed to maintain contact with attorney, he would waive the right to object to restitution did not constitute an intentional relinquishment of right to be present at restitution hearing). We exercise our discretion to correct the error given the amount of restitu-tion involved and the gravity of the error. *See, e.g.*, *State v. Howard*, 292 Or App 517, 522, 424 P3d 803 (2018) (exercis-ing discretion to correct erroneous restitution in the amount of $360).

Remanded for resentencing; otherwise affirmed.