Submitted July 2; remanded for resentencing, otherwise affirmed July 28, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DESTINY ANNETTE PHILLIPS,
*Defendant-Appellant.*

Washington County Circuit Court
19CR08394; A171863

491 P3d 834

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment convicting her of first-degree theft and imposing conditions of probation, as well as a supplemental judgment imposing restitution. She argues that the trial court erred in including in the judgment of conviction a condition of probation indicating that her failure to appear at a restitution hearing on a specified date would result in the waiver of her right to object to the imposition, amount, or distribution of restitution. That condition of probation had not been announced in open court. Defendant further argues that the court erred in subsequently imposing restitution in her absence—on a date other than the one specified in the judgment of conviction—because she did not validly waive her right to a hearing. She further argues that the court erred in imposing restitution in the absence of any evidence. The state concedes that the court erred in imposing the condition of probation because it had not been announced in open court, and that, under the circumstances, the court erred in imposing restitution in defendant's absence. We agree and accept the state's concession. *See State v. Keen*, 304 Or App 89, 466 P3d 95 (2020) (court erred in including probation condition in judgment that was not announced in open court); *State v. Sidener*, 308 Or App 155, 478 P3d 605 (2020) (court erred in imposing restitution in the defendant's absence under similar circumstances).

Remanded for resentencing; otherwise affirmed.