Submitted September 3; remanded for resentencing, otherwise affirmed
October 6, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

OMAR SAID OTHMAN,
*Defendant-Appellant.*

Washington County Circuit Court
19CR64906; A172981

496 P3d 1155

Rebecca D. Guptill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant, who pleaded guilty to offensive littering, ORS 164.805, appeals a supplemental judgment imposing restitution in the amount of $1,047.56. At sentencing, the trial court told defendant when the restitution hearing would be held but did not tell him that a failure to appear at the hearing would result in a waiver of his right to object to restitution. The written judgment, however, did provide that a failure to appear at the restitution hearing would result in defendant waiving his right to object to the imposition and amount of restitution. Defendant failed to appear at sentencing, and the trial court imposed restitution in his absence. On appeal, defendant argues that the court plainly erred in imposing restitution in his absence, and also challenges the sufficiency of the evidence in support of the restitution award. The state concedes that the trial court plainly erred in imposing restitution in defendant's absence. We agree and accept that concession, and therefore do not reach defendant's other argument. A valid waiver of defendant's right to be present cannot be presumed in this circumstance. *See State v. Sidener*, 308 Or App 155, 478 P3d 605 (2020) (correcting similar error as plain error). For the reasons expressed in *Sidener*, we exercise our discretion to correct the error.

Remanded for resentencing; otherwise affirmed.