No. 676          December 20, 2023          709

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON DANIEL LINEHAN,
aka Jason D. Linehan,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR41964; A178025

Kathleen M. Dailey, Judge. (Judgment November 23, 2021)

Kelly Skye, Judge. (Supplemental Judgment May 19, 2022)

Submitted on September 18, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a supplemental judgment entered after he pleaded guilty to one count of telephonic harassment, ORS 166.090, and two counts of violating a court's stalking protective order (SPO), ORS 163.750. In his three assignments of error, defendant argues that the trial court erred when it ordered him to pay restitution for the victim's chiropractic treatment, copays, and lost wages. For the following reasons, we affirm.

"This court reviews for legal error the trial court's legal conclusions with respect to an award of restitution. We review the trial court's factual findings in connection with an award of restitution to determine whether there is any evidence to support them." *State v. Jordan*, 249 Or App 93, 96, 274 P3d 289, *rev den*, 353 Or 103 (2012) (internal citation omitted). Accordingly, "[w]e review the evidence supporting the trial court's restitution order in the light most favorable to the state." *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015).

On appeal, defendant advances a combined argument and contends that the restitution award "was erroneous for three reasons." In his first argument, he contends that the state's evidence was insufficient to establish a causal relationship between his criminal conduct and the symptoms that the victim, F, experienced. Specifically, defendant argues that the state failed to prove that his criminal conduct was the but-for cause of F's symptoms or that her symptoms were a reasonably foreseeable consequence of his conduct. We disagree with defendant's arguments.

First, the record supports a finding that defendant's conduct was the but-for cause of F's symptoms. *See State v. Gerhardt*, 360 Or 629, 633, 385 P3d 1049 (2016) ("Factual causation is established if the economic damages would not have occurred but for the defendant's crime."). Here, F testified that defendant's conduct—including his incessant communications—caused her panic attacks and constant muscle pain and that she obtained a temporary SPO against him in May 2020. She reported the symptoms to her naturopathic doctor in June 2020. The naturopathic doctor determined

that F's "symptoms arose due to the stress of an abusive and traumatic romantic relationship that she is currently \*\*\* resolving through the court system" and that the trauma had occurred between November 2019 and June 2020. The naturopathic doctor also testified that she had previously treated F for unrelated issues and that those issues had been resolved. Thus, the evidence supports a nonspeculative inference that F's symptoms would not have occurred but for defendant's criminal conduct. *See State v. Akerman*, 278 Or App 486, 490, 380 P3d 309 (2016) (explaining that "[t]he record must support a nonspeculative inference that there is a causal relationship between the defendant's criminal activities and the victim's economic damages" to support a restitution award).

Next, the record contains evidence that F's symptoms were reasonably foreseeable. *See State v. Ramos*, 358 Or 581, 597, 368 P3d 446 (2016) ("[T]he test that a court uses to determine whether damages are too attenuated to be recoverable is whether a reasonable person in the defendant's position would have foreseen that someone in the victim's position could reasonably incur damages of the same general kind that the victim incurred."). Specifically, F's naturopathic doctor testified that emotional trauma can cause chronic pain and F's chiropractor testified that he had treated other patients' trauma-induced pain with chiropractic services. Consequently, some evidence supports a finding that F's symptoms were a foreseeable consequence of defendant's conduct. *See, e.g.*, *State v. Pumphrey*, 266 Or App 729, 735-36, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015) (affirming a restitution award for the cost of changing the victim's locks because a causal connection existed between the defendant's violations of an SPO and the victim's panic attacks and the record "support[ed] an inference that the safety measures the victim took helped her manage the psychological trauma caused by defendant's crimes"). Therefore, we conclude that the state's evidence was sufficient to establish a causal relationship between defendant's criminal conduct and F's symptoms.

In his second argument, we understand defendant to argue that the state failed to prove F's economic damages

because it did not establish that the chiropractic treatment was medically necessary. Although defendant acknowledges that F suffered symptoms and that the chiropractic services provided her relief, he argues that the evidence concerning "the nature of F's injury" and "the nature of the treatments she received" was insufficient to establish that the treatment was necessary. We disagree.

A trial court cannot order restitution unless it finds that the victim suffered economic damages. ORS 137.106(1) (a); ORS 31.705(2)(a) (defining "economic damages" to include "reasonable charges necessarily incurred for medical * * * and other health care services"). However, under our standard of review, "[a]ll that is required is '*some* evidence' of necessity" to support a trial court's determination that medical treatment was necessary. *State v. Perdew*, 304 Or App 524, 528, 467 P3d 70 (2020) (quoting *Jordan*, 249 Or App at 100 (emphasis in *Jordan*)).

Here, the trial court considered detailed bills from F's treatment providers, the naturopathic doctor's testimony that she referred F to chiropractic services to treat F's symptoms, testimony from the chiropractor that the type of treatment he provided was designed to treat F's symptoms, and testimony from both F and the chiropractor that F benefitted from the treatment. Accordingly, we conclude that some evidence establishes that F's chiropractic treatment was necessary. *See Jordan*, 249 Or App at 100 (explaining that the victim's wife's testimony about the benefit that naturopathic treatment and organic foods provided the victim was sufficient to establish necessity).

Finally, defendant argues that the trial court improperly ordered restitution for damages that were incurred after his criminal conduct in 2020 and that the state did not prove that his conduct on the specific dates encompassed by the plea agreement caused F's symptoms. Defendant did not preserve this argument but asks us to review for plain error.

Plain error review is a two-step process. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). We first determine whether an error is plain. *State*

*v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (explaining that a plain error is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences"). If the error is plain, we then determine whether to exercise our discretion to consider it. *Ailes*, 312 Or at 382.

We conclude that any error is not plain. Although a trial court plainly errs when it "impose[s] restitution based on activities that occurred outside the period of time covered by the defendant's plea agreement," *State v. Muhammad*, 265 Or App 412, 414, 335 P3d 1281 (2014), it is not "obvious" that the trial court did so here. Defendant pleaded guilty to criminal conduct that occurred in January 2020 and between May 2020 and July 2020. As explained above, the evidence supports a finding that defendant's criminal conduct was the factual cause of F's symptoms. Moreover, the state presented evidence that the naturopathic doctor referred F to chiropractic treatment in June 2020 to address her symptoms and that F began treatment in 2020. Although F changed chiropractic providers in 2021, the chiropractic treatment that F received in 2021 addressed the same symptoms that she had reported to the naturopathic doctor in June 2020. The trial court did not plainly err.

Affirmed.