Argued and submitted April 30; supplemental judgment reversed and remanded, remanded for resentencing December 4, 2019; petition for review denied April 9, 2020 (366 Or 292)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JENNIFER ELIZABETH GAUL,
*Defendant-Appellant.*

Tillamook County Circuit Court
17CR25605; A166234

455 P3d 1016

Defendant was convicted of harassment and, in a supplemental judgment, ordered to pay $728.99 in restitution to the victim. On appeal of the supplemental judgment, defendant challenges the restitution award, arguing that the evidence was insufficient to establish a causal link between her harassment of the victim and the victim's loss of certain personal items for which restitution was ordered. *Held*: Where defendant took the victim's smartphone during an argument and broke the victim's finger when the victim tried to recover it, the trial court did not err in ordering defendant to pay $649.00 as restitution for the lost smartphone. However, the trial court erred in ordering defendant to pay $79.99 as restitution for an electric toothbrush that the victim left at defendant's residence and was unable to recover after the argument.

Supplemental judgment reversed and remanded; remanded for resentencing.

Jonathan R. Hill, Judge.

John Evans, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Julie Glick, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Aoyagi, Judge.*

AOYAGI, J.

Supplemental judgment reversed and remanded; remanded for resentencing.

_____
* Egan, C. J., *vice* Hadlock, J. pro tempore.

**AOYAGI, J.**

Defendant was convicted of harassment and ordered to pay $728.99 in restitution. That amount consisted of $649.00 for the victim's smartphone and $79.99 for the victim's electric toothbrush. On appeal, defendant challenges the restitution order. We agree with defendant that the trial court erred regarding the electric toothbrush, but not the smartphone. Accordingly, we reverse and remand.

We review a restitution order for errors of law. *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018). In doing so, we are bound by the trial court's factual findings if there is any evidence in the record to support them. *Id*. We state the facts in accordance with that standard of review.

In April 2017, the victim was staying at defendant's home in Rockaway Beach. On her fifth night there, defendant and the victim were drinking wine and conversing when defendant started yelling. The victim thought it was a joke and laughed. Defendant screamed at the victim to "get out of her house." The victim laughed again and asked if defendant was serious. At that point, defendant picked up both the victim's smartphone and the victim's prescription medication and said, "Oh, you want this? Is this what you want?" When the victim reached for the items, defendant grabbed the victim's hand and broke her finger. The victim immediately went to a neighbor's house, and the neighbor called the police. After the police arrived, both defendant and the victim were arrested, and, for reasons unclear from the record, the victim spent nine days in jail.

When the victim was released from jail, she called defendant about retrieving her personal belongings from defendant's home. Defendant yelled at the victim and "said it was all gone. Thrown away." Eventually, with police assistance, the victim recovered some items from defendant's house. However, the victim did *not* recover her driver's license, her smartphone, an electric toothbrush, and some makeup.

Defendant was charged with harassment, ORS 166.065, for subjecting the victim to offensive physical

contact. *See* ORS 166.065(1)(a)(A) ("A person commits the crime of harassment if the person intentionally \*\*\* [h]arasses or annoys another person by \*\*\* [s]ubjecting such other person to offensive physical contact[.]"). She pleaded no contest. At sentencing, the state asked that defendant be ordered to pay restitution in the amount of $1,683.65, representing the value of all of the victim's unrecovered items. The trial court denied restitution for the victim's driver's license and makeup, reasoning that there was not a sufficient causal relationship between the harassment and the loss of those items. But it ordered restitution for the smartphone and the electric toothbrush, because, to the trial court's recollection, the victim had "talked about having an iPhone 6 Plus and a Philips Sonicare [toothbrush] in her hands during the altercation \*\*\*." Based on evidence that the smartphone's value was $649.00 and that the electric toothbrush's value was $79.99, the trial court entered a supplemental judgment of restitution for $728.99.

Defendant appeals the supplemental judgment. In her first assignment of error, she challenges the restitution order as it pertains to the smartphone. In her second assignment of error, she challenges the restitution order as it pertains to the toothbrush. As to each item, defendant argues that the restitution order is unlawful because there is an insufficient causal relationship between her harassment of the victim and the victim's loss of the item. The state counters that there is a sufficient causal relationship.

Restitution is a creature of statute. *See* ORS 137.106(1)(a) (providing for restitution proceedings "[w]hen a person is convicted of a crime \*\*\* that has resulted in economic damages"). Blending civil and criminal law concepts, "[i]t is intended to serve both rehabilitative and deterrent purposes by causing a defendant to appreciate the relationship between his criminal activity and the damage suffered by the victim." *State v. Dillon*, 292 Or 172, 179, 637 P2d 602 (1981). There are three prerequisites to ordering restitution: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two. *State v. Pumphrey*, 266 Or App 729, 733, 338 P3d 819 (2014). Here, it is the causal relationship between defendant's harassment of the

victim and the victim's economic damages that defendant disputes.[1]

For restitution purposes, the defendant's criminal activity must be "the reasonably foreseeable 'but for' cause of the victim's losses." *Smith*, 291 Or App at 786; *see also State v. Akerman*, 278 Or App 486, 490, 380 P3d 309 (2016) ("The record must support a nonspeculative inference that there is a causal relationship * * *."). Even if the causal relationship is somewhat indirect, it is enough that the damages *resulted from* the defendant's criminal activities, so long as the damages were reasonably foreseeable. *State v. Stephens*, 183 Or App 392, 399, 52 P3d 1086 (2002); *see also State v. Gerhardt*, 360 Or 629, 632-35, 385 P3d 1049 (2016) (stating that a "direct causal connection" is not necessary and that the defendant's criminal conduct need not be "sufficient in itself" to cause the damages but may be one of several causal factors).

For example, in *Stephens*, the defendant took a person's vehicle without authorization and eventually abandoned it in a friend's yard, after which someone stole the vehicle's tires and wheels. 183 Or App at 394. The trial court ordered the defendant, who was convicted of unauthorized use of a vehicle and possession of a stolen vehicle, to pay restitution for the tires and wheels. *Id*. On appeal, the defendant argued that there was insufficient evidence of a causal link between his criminal activities and the victim's losses, but we disagreed and affirmed. *Id*. at 399. The defendant's acts of possession and exercise of control over the vehicle, including leaving it unprotected, "facilitated the theft that followed defendant's criminal conduct." *Id*.

Conversely, the mere fact that economic damages arise out of the "same facts or events" is not enough to order restitution. *State v. Parsons*, 287 Or App 351, 357, 403 P3d 497, *adh'd to as modified on recons*, 288 Or App 449, 403 P3d 834 (2017), *rev den*, 362 Or 545 (2018). For example, in *Parsons*, the defendant used a knife to shred some jeans in

---

[1] Restitution may be ordered for economic damages resulting from the criminal conduct for which the defendant was convicted or "any other criminal conduct admitted by the defendant." ORS 137.103(1). In this case, defendant did not admit to any other criminal conduct, so only the crime of conviction is at issue.

the dressing room of a clothing store. *Id*. A store employee saw the defendant enter the dressing room with five pairs of jeans, leave the dressing room, and place three pairs of ripped jeans back on the shelf. *Id*. at 355. The other two pairs of jeans were never found. *Id*. As relevant here, the defendant was convicted of criminal mischief and ordered to pay restitution for all five pairs of jeans. *Id*. at 356. The state argued that restitution was appropriate as to all five pairs, because the loss of the two pairs arose out of the same "facts or events" as the destruction of the three pairs. *Id*. at 357. We disagreed, holding that there was insufficient evidence that the defendant's criminal activity "facilitated the disappearance of the other two pairs," so as to establish the requisite causal relationship for restitution. *Id*. at 359.

With those legal principles in mind, we turn to the facts of this case. As to the smartphone, it is undisputed that defendant was holding the victim's smartphone during the altercation in which she broke the victim's finger. Specifically, the only evidence was that defendant seized the victim's smartphone (and prescription medication) during an argument and then broke the victim's finger when the victim tried to get it back. The victim immediately left the house and, due to her own subsequent incarceration, did not have an opportunity to try again to retrieve the smartphone until nine days later.

On that record, the trial court did not err in ordering defendant to pay restitution for the victim's smartphone. Although the victim's delay in trying to retrieve the smartphone was not attributable to defendant, there is a sufficient causal relationship between the defendant's criminal activity and the victim's loss of her smartphone to support the restitution order. Put simply, if defendant had not seized the victim's smartphone, and then broken the victim's finger when she tried to get it back (the offensive physical contact for which defendant was convicted), the victim would have her smartphone. Instead, through offensive physical contact, defendant prevented the victim from recovering possession of her smartphone, which caused the victim to lose possession and control of her smartphone. The trial court did not err in ordering restitution for the smartphone.

We reach a different conclusion as to the electric toothbrush. In ordering restitution for the toothbrush, the trial court misremembered the victim's testimony in a key regard. The court recalled the victim having testified about "having an iPhone 6 Plus and a Philips Sonicare in her hands during the altercation," when, in fact, the victim's testimony was that defendant had the victim's iPhone 6 Plus and *prescription medication* in her hands during the altercation. The state acknowledges that the trial court made a factual error about the toothbrush.

Because the electric toothbrush was not involved in the altercation, we agree with defendant that there is not a sufficient causal link between her offensive physical contact with the victim and the victim's loss of her toothbrush to support that portion of the restitution order. With respect to items that the victim was keeping at defendant's house because she was staying there, but which were not involved in the altercation—such as the toothbrush—it simply was not reasonably foreseeable, when defendant broke the victim's finger, that *the victim* would go to jail for nine days and that some of the victim's belongings would be lost during that time. Even if defendant herself disposed of the items during the victim's absence, their loss was not a reasonably foreseeable outcome of breaking the victim's finger. There is some causal relationship, but it is too tangential to meet the requirements for restitution.

Indeed, given the trial court's clear intention to delineate between the victim's belongings that were involved in the altercation (for which restitution would be ordered) and the victim's belongings that were merely located in the house at the time of the altercation (for which restitution would not be ordered because "it's just too tangential"), it seems virtually certain that the trial court would not have ordered restitution for the electric toothbrush but for its mistaken recollection of the victim's testimony. In any event, we agree with defendant that the trial court erred in ordering defendant to pay the victim $79.99 as restitution for the loss of her electric toothbrush.

Supplemental judgment reversed and remanded; remanded for resentencing.