Submitted August 23, 2019, affirmed June 3, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY BERT PERDEW,
*Defendant-Appellant.*

Tillamook County Circuit Court
17CR73584; A167427

467 P3d 70

Defendant was convicted of assault in the fourth degree, ORS 163.160(2), after he stepped on the victim's foot and pushed him to the ground. The assault caused a bone fracture in the victim's foot, which the victim had surgery to repair. As part of his sentence, defendant was ordered to pay $22,777.52 in restitution to the victim and the victim's medical insurer, for medical expenses related to the foot fracture. On appeal, defendant challenges the restitution order, arguing that the state failed to prove that the victim's medical expenses were "necessarily incurred." *Held*: The trial court did not err in ordering defendant to pay the restitution. Medical expenses are "necessarily incurred" for restitution purposes when they are incurred for necessary medical treatment. The victim's medical records show that the victim had a displaced metatarsal fracture in his foot and that both the victim's surgeon and the victim's primary care doctor considered the surgery necessary to repair the fracture.

Affirmed.

Jonathan R. Hill, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

## AOYAGI, J.

Defendant pleaded guilty and was convicted of assault in the fourth degree, ORS 163.160(2), for having recklessly caused physical injury to J. As part of his sentence, defendant was ordered to pay $22,777.52 in restitution to J and J's medical insurer. The evidence at the restitution hearing showed that defendant had stepped on J's foot and pushed him to the ground, causing a bone fracture in J's foot, which J had surgery to repair. J's insurer paid $18,507.41 for J's medical treatment, and J paid $4,270.11 in copays, for a total of $22,777.52.

On appeal of the supplemental judgment imposing restitution, defendant assigns error to the imposition of restitution, arguing that the evidence was insufficient to establish that J's medical expenses were "necessarily incurred." Under the applicable statutes, a criminal defendant may be ordered to pay restitution only for a victim's "objectively verifiable monetary losses," including "reasonable charges *necessarily incurred* for medical, hospital, nursing and rehabilitative services and other health care services." ORS 31.710(2)(a) (definition of "economic damages") (emphasis added); *see* ORS 137.106(1)(a) (when a person is convicted of a crime "that has resulted in economic damages," the court shall require the defendant to pay restitution "in a specific amount that equals the full amount of the victim's economic damages as determined by the court"); ORS 137.103(2) (generally adopting the definition of "economic damages" in ORS 31.710); ORS 137.103(4)(d) (defining "victim" to include "[a]n insurance carrier" that "has expended moneys on behalf of" a crime victim). Defendant does not contest that J's medical expenses were reasonable, only that they were "necessarily incurred."

We review restitution orders for errors of law and are bound by the trial court's factual findings if they are supported by any evidence in the record. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614 (2016). In a restitution proceeding, the burden is on the state to present "evidence of the nature and amount of the damages." ORS 137.106(1)(a). For medical expenses, "whether the charges are reasonable

and whether the treatment is necessary are two distinct questions." *State v. Campbell*, 296 Or App 22, 35, 438 P3d 448 (2019). As to both reasonableness and necessity, the state must present evidence sufficient to support a finding, rather than relying on a presumption of reasonableness or necessity. *State v. Dickinson*, 298 Or App 679, 684, 448 P3d 694 (2019). In some cases, particular medical services "may be so obviously necessary" as to permit reliance on common sense or common knowledge alone to find necessity, *id.* at 684 n 5, but that is the exception, not the rule.

The state makes two arguments as to why the trial court did not err in finding that J's medical expenses were necessarily incurred. First, it argues that, to support a finding of necessity, all that the state had to prove was that "defendant caused the victim's injury by stomping on his foot," at which point "a presumption [arose] that the medical treatment was 'necessarily incurred,'" and the burden shifted to defendant to "prove that some identifiable treatment was gratuitous." That argument finds no support in the statutory text or the cases cited by the state. It conflates the definition of "economic damages"—which, with respect to medical expenses, is limited to "reasonable charges necessarily incurred," ORS 31.710(2)(a)—with the requirement that the defendant's criminal activities caused the victim's damages, *State v. Dillon*, 292 Or 172, 181, 637 P2d 602 (1981) (the three "prerequisites" to restitution under ORS 137.106(1) are criminal activities, damages, and "a causal relationship between the two"). Those issues are distinct. *See State v. Smith*, 291 Or App 785, 786, 786 n 1, 420 P3d 644 (2018) (reversing restitution judgment due to insufficient evidence of a causal link between the defendant's criminal activities and the victim's losses, and not reaching the separate question whether the victim's medical expenses were "reasonable and necessarily incurred").[1] We therefore reject the state's first argument.

---

[1] At sentencing, defendant contested whether he had caused J's broken foot, but the trial court determined that issue in the state's favor, and defendant does not challenge that determination on appeal. Thus, at this point, it is established that defendant's criminal activities caused J's injuries, and it is undisputed that the cost of the medical services was reasonable. The only issue on appeal is whether J's medical treatment was necessary.

Alternatively, the state argues that the evidence was sufficient to establish that J's medical expenses were "necessarily incurred." With that argument, we agree.

"We review the evidence supporting the trial court's restitution order in the light most favorable to the state." *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015). Medical expenses are "necessarily incurred" when they are incurred for "necessary medical treatment." *White v. Jubitz Corp.*, 347 Or 212, 234, 219 P3d 566 (2009); *see also Campbell*, 296 Or App at 27 ("recoverable damages are based on the value of necessary services" (internal quotation marks and italics omitted)). Here, in finding that J's medical expenses were necessarily incurred, the trial court relied on J's medical records, which it described as "set[ting] out why the medical procedures were necessary."

The medical records show that J went to the emergency room of a local hospital on October 25, the same day as the assault, with pain and swelling in his left foot. Exacerbating factors included movement, weight bearing, walking, and palpation, and there were no relieving factors. X-rays were taken, which revealed a "displaced left fifth metatarsal shaft fracture." J's foot was put in a temporary splint, and he was referred to a foot specialist, Dr. Winkleman, for further care.

Winkleman examined J on October 30. She compared x-rays taken that day to the x-rays taken on October 25 and noted a "mild increase in displacement of the fracture distal fragment of the [fifth] metatarsal." Winkleman advised J that his fracture was displaced and that he "need[ed] to have surgery to reduce the fracture and fixate it." Among other things, Winkleman explained "the condition, the nature and purpose of the proposed procedure, [and] exhaustion of non operative treatments." The next day, October 31, J's primary care doctor conducted a preoperative examination, noting in her chart notes that J "need[ed] reduction and fixation of fracture" and was scheduled for surgery on November 3. After J was cleared for surgery, Winkleman performed the surgery as scheduled. During surgery, she confirmed the presence of a displaced

metatarsal fracture, which she repaired with a metal plate and screws. In layman's terms, as described by J at the restitution hearing, Winkleman used a plate and seven screws to "put the bone back together," and those items will remain in J's foot permanently. Post-operative visit notes indicate that the surgical repair was successful.

The foregoing evidence is sufficient to support the trial court's finding that the medical treatment that J received was necessary. All that is required is "*some* evidence" of necessity. *State v. Jordan*, 249 Or App 93, 100, 274 P3d 289, *rev den*, 353 Or 103 (2012) (emphasis in original). Here, with respect to the emergency room visit, evidence of the nature of the injury and the emergency room chart notes were sufficient to establish that it was necessary for J to have his broken foot examined and x-rayed, to the extent that is not self-evident. As for the surgery on J's foot, both Winkleman and J's primary care doctor stated in their chart notes that the surgery was necessary to reduce and fix a displaced metatarsal fracture. There is also evidence as to the specific services and resulting charges associated with that surgery. *See Dickinson*, 298 Or App at 685 (citing "a bill for 'foot surgery'" without more as an example of evidence too generic to establish the necessity of medical services rendered). The evidence admitted at the restitution hearing was sufficient to establish the necessity of the medical services that J received.

This case stands in contrast to our recent decision in *Dickinson*. In that case, the defendant was convicted of a sex crime that resulted in the victim's pregnancy, and the trial court ordered him to pay restitution for medical expenses based solely on (1) a payment ledger prepared by the victim's insurer that contained highly abbreviated descriptions of 10 services provided by five different providers over five months, and (2) an attorney's testimony that all of the claims paid "related to a pregnancy or a medical issue." *Dickinson*, 298 Or App at 681. "There was no testimony by medical professionals regarding the nature of the services referenced on the ledger or their necessity[,] nor was there any other evidence regarding the nature of the services provided or their necessity." *Id.* at 683 (internal citation

omitted).[2] Here, by contrast, there was sufficient evidence to establish the necessity of the medical treatment and to identify the specific services and charges associated with that treatment.

Because there was sufficient evidence to establish that J's medical expenses were "necessarily incurred," which is the only issue on appeal, the trial court did not err in imposing restitution as ordered.

Affirmed.

---

[2] To the extent that defendant suggests that the state needed to call an expert witness to establish the necessity of J's medical treatment, we disagree. "Although we have acknowledged that a plaintiff generally presents evidence of the reasonableness and necessity of medical expenses through testimony of physicians and other medical professionals familiar with the injury, treatment, and costs involved, we have not held that to be the only permissible method." *Campbell*, 296 Or App at 34 (internal quotation marks, alterations, emphasis, and citation omitted).