Submitted October 1; supplemental judgment reversed; remanded for resentencing, otherwise affirmed December 22, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL EDWIN ELDER,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR06461; A174163

502 P3d 780

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Peter G. Klym, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was convicted of two counts of first-degree forgery after entering a plea of no contest and was sentenced to probation. In a supplemental judgment, the trial court ordered defendant to pay restitution in the amount of $13,075. Defendant seeks reversal of the restitution award, arguing that there was no causal connection between the criminal conduct that he pleaded no contest to and the victim's loss. In response, the state agrees with defendant that the order to pay restitution was in error because the victim did not suffer any losses resulting from the checks that defendant had forged.

Defendant and the victim had a business investment deal in which the victim loaned defendant $20,000 with the understanding that the victim would be repaid with interest. However, that anticipated repayment did not happen. Instead, defendant provided the victim with fraudulent checks, including the two checks that are the subject of the forgery charges on which defendant was convicted—checks in the amounts of $5,000 and $10,000.[1] Defendant argued at the restitution hearing, as he does on appeal, that that money was already owed to the victim based on their business deal and that writing forged checks did not increase any amount owed—that there are no new damages from passing bad checks. Therefore, according to defendant, forging the checks did not support a restitution award. The trial court determined that restitution was appropriate and calculated the restitution it awarded based on the amount of the two fraudulent checks minus a portion of the funds that the victim separately received from defendant as partial repayment of the loan.

The state agrees that the requirement of causation to award restitution is not satisfied here, because the victim's monetary losses did not result from the defendant's forgeries; rather, the victim's monetary losses predated the forgeries and resulted from the loan she provided to defendant. *See State v. Gaul*, 301 Or App 142, 145, 455 P3d 1016

---

[1] The victim eventually received a portion of the money owed from defendant and his wife.

(2019), *rev den*, 366 Or 292 (2020) ("For restitution purposes, the defendant's criminal activity must be the reasonably foreseeable but for cause of the victim's losses." (Internal quotation marks omitted.)). The state concedes that reversal of the supplemental judgment is appropriate; however, the state requests that we remand for resentencing to allow the trial court to determine if it has "other permissible options that [it] could adopt on resentencing." *State v. Moreno-Hernandez*, 365 Or 175, 191, 442 P3d 1092 (2019); *see also State v. Boza*, 306 Or App 279, 281, 473 P3d 1161 (2020) (reversing judgment imposing restitution and remanding for sentencing); *State v. Tippetts*, 239 Or App 429, 432, 244 P3d 891 (2010) (we have "consistently remanded for resentencing in circumstances in which the sentencing court erred by imposing restitution in the absence of any evidence of economic damages"). We agree with and accept the state's concession, reverse the supplemental judgment imposing restitution, and remand for resentencing.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.