***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 14, affirmed October 26, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO CARDENAS-FLORES,
*Defendant-Appellant.*

Washington County Circuit Court
20CR35834; A175374

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Defendant pled guilty to one count of driving under the influence of intoxicants, ORS 813.010, after striking the victim's car. He appeals from a supplemental judgment imposing restitution for expenses incurred by the victim. The supplemental judgment awarded $4,653.52 in restitution, of which defendant challenges $3,957.35 for the victim's medical bills. On appeal, defendant's only argument is that the trial court erred in awarding restitution for the medical costs because there was insufficient evidence that the medical costs were "necessarily incurred" as a result of the victim's injuries.[1] We conclude that the trial court did not err in finding the victim's medical costs were necessarily incurred as a result of the victim's injuries sustained during the car accident. We affirm.

We review restitution orders for legal error and are bound by the trial court's factual findings if supported by "any evidence in the record." *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). When reviewing the sufficiency of evidence supporting a restitution order, we view the evidence in the light most favorable to the state. *State v. Kirkland*, 268 Or App 420, 421, 342 P3d 163 (2015).

The victim testified at the restitution hearing that, following the car accident, he sought chiropractic care 15 times for back pain. The victim testified that by the time of the hearing, his symptoms had diminished, and he was feeling "a lot better than when *** the crash initially happened." Additionally, the victim's chiropractor testified that the victim was diagnosed with "whiplash" and explained the nature of his services and his particular patient-led methodology for treatment.

ORS 137.106(1)(a) provides, in part, that "[i]f the court finds from the evidence presented that a victim suffered economic damages *** the court shall enter a judgment *** requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages." Therefore, "there are three

---

[1] Defendant does not challenge the reasonableness of the medical costs.

prerequisites [for an order of restitution]: (1) criminal activity, (2) pecuniary damages, and (3) a causal relationship between the two." *State v. Dillion*, 292 Or 172, 181, 637 P2d 602 (1981).

Economic damages are defined, for the purposes of ORS 137.106, by ORS 31.705. Under that statute, economic damages are "objectively verifiable monetary losses including but not limited to *reasonable charges necessarily incurred* for medical, hospital, nursing and rehabilitative services and other health care services." ORS 31.705(2)(a) (emphasis added). Thus, medical expenses must be both reasonable in amount and necessarily incurred. *State v. Perdew*, 304 Or App 524, 525, 467 P3d 70 (2020).

In some cases, medical services "may be so obviously necessary" as to allow the use of "common sense or common knowledge alone to find necessity, but that is the exception, not the rule." *Id*. at 526. In most cases, the state must present sufficient evidence demonstrating a victim's medical expenses were for necessary treatment. *State v. Dickinson*, 298 Or App 679, 684, 448 P3d 694 (2019).

In this case, we conclude there is sufficient evidence to support the trial court's finding of necessity: The victim testified that he suffered from back pain following the car accident and that he sought relief by acquiring chiropractic services. The chiropractor testified that the victim suffered from whiplash and required chiropractic treatment to resolve that pain, and he provided an explanation of the nature of his services and his methodology for treatment. *Compare State v. Jordan*, 249 Or App 93, 100, 274 P3d 289, *rev den*, 353 Or 103 (2012) ("Although [the victim's wife's testimony] is not a great deal of evidence regarding the necessity of naturopathic treatments and organic foods, it is *some* evidence from which the trial court could find that the disputed expenses were necessary, and that is sufficient."), *with Dickinson*, 298 Or App at 680 (a payment ledger from the insurance company and an attorney's testimony that the expenses were related to the victim's injuries were insufficient to establish necessity because the exact nature of the services were unclear). We thus conclude that the trial court

did not err in imposing restitution for the full amount of the victim's medical costs.

Affirmed.