No. 941 December 26, 2024 117

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERMEY BYRON HOGUE,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR34181; A180587

Steve H. Hoddle, Judge.

Submitted September 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from a supplemental judgment awarding restitution. Defendant pleaded no contest to a fourth-degree assault charge resulting from a physical altercation between him, the victim, and another person. After a hearing, the trial court ordered defendant to pay $634.96 in restitution for medical costs. Defendant assigns error to the restitution award, contending that the state failed to prove that his own criminal activities caused the victim's concussion and that the medical treatment the victim received was necessary. We affirm.

"There are three prerequisites to ordering restitution: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two." *State v. Gaul*, 301 Or App 142, 144, 455 P3d 1016 (2019); ORS 137.106. The criminal activity must be the reasonably foreseeable but for cause of the victim's economic damages. *Gaul*, 301 Or App at 145. As relevant here, "economic damages" means monetary losses including "reasonable charges necessarily incurred" for the victim's health care services. ORS 137.103(2)(a); ORS 31.705(2)(a).

We review a restitution order for legal error and are bound by the trial court's factual findings if they are supported by any evidence in the record. *Gaul*, 301 Or at 143. We state the facts in accordance with that standard of review.

As part of defendant's no contest plea, he admitted that he "unlawfully and knowingly cause[d] physical injury to [the victim]." The victim testified at the restitution hearing that during the fight with defendant, a passenger got out of defendant's car and hit him in the back of the head. He very briefly lost consciousness, fell to his knees, and then continued fighting with defendant. He reported experiencing dizziness, headache, pain, and confusion. When he sought medical treatment, he presented with head injuries on both the left side and the back of his head; the symptoms he reported support an inference that his head injuries resulted in a concussion. Indeed, the victim was ultimately diagnosed with a concussion.

Defendant first argues that the state failed to prove that he caused the victim's concussion, because another person hit the victim in the back of the head during the fight between defendant and victim. But the restitution statute requires only that a person's crime of conviction "result[] in" economic damages, ORS 137.106(1)(a), and this record supports an inference that defendant's conduct resulted in a head injury, such that the victim would seek treatment for it. The evidence in the record is sufficient to support an inference that defendant's participation in criminal conduct—a fight with the victim that drew the participation of defendant's passenger—caused the victim to suffer injuries to his head, and that those injuries were a reasonably foreseeable consequence of the fight. *See State v. Jensen*, 308 Or App 808, 820, 480 P3d 296 (2021) (injuries caused by coassailants were "reasonably foreseeable result of the joint assault that defendant began.").

Defendant argues further that there is no evidence in the record to show that the costs of the victim's treatment for a concussion were medically necessary. *State v. Perdew*, 304 Or App 524, 526, 467 P3d 70 (2020) (the state must present evidence sufficient to support a finding that the medical treatment was necessary). To the contrary, the record supports a finding that the victim's hospital visit and subsequent CT scan were medically necessary. The victim testified that he sought medical treatment the day after the assault because he felt dizzy, had a severe headache, and was experiencing confusion. The medical records indicate that a CT scan was ordered based on his head injuries and reported loss of consciousness. That evidence is sufficient to support a finding that the victim's hospital visit and CT scan were medically necessary.

Affirmed.