No. 1104          December 24, 2025          21

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ASHLEY ROSE WEIDEMAN,
*Defendant-Appellant.*

Linn County Circuit Court
19CR80031; A178880

Keith B. Stein, Judge.

Argued and submitted July 16, 2024.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Benjamin Gutman, Solicitor General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal appeal, defendant seeks reversal of a supplemental judgment imposing $9,290 in restitution for the lost wages that the mother of the two-year-old victim, V, incurred after quitting her job to care for V. In a single assignment of error, defendant challenges the restitution award and makes three distinct arguments: first, a parent's lost wages resulting from an injury to their child are not recoverable in a civil action, so they cannot be imposed as restitution; second, V's mother's decision to quit her job was not reasonably foreseeable; and third, V's mother's decision to quit working was voluntary and not necessary. For the reasons explained below, we affirm.

We review a restitution order for errors of law and are bound by the trial court's factual findings if there is any evidence in the record to support them. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). In so doing, we examine the evidence in the light most favorable to the state and determine whether a rational factfinder, accepting all reasonable inferences, could have found the facts necessary to support the award. *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021). With that standard of review in mind, we provide a brief overview of the factual and procedural history and then discuss more details as part of the analysis below.

Defendant pleaded no contest to first-degree criminal mistreatment for unlawfully and knowingly causing physical injuries to two-year-old V, whom she babysat during the day. V's injuries included a cigarette burn on the back of her hand, and she had bruises on multiple parts of her body. An investigation revealed that defendant had expressed animosity toward V, V had displayed fear of defendant, and defendant had performed a search on her phone—while V was in defendant's care—for "[w]ays to cause pain to somebody without marks." Following defendant's conviction, the state sought restitution for one year of lost wages for V's mother, who did not work for two years following V's injuries. After hearing V's mother's testimony and the parties' arguments, the trial court awarded restitution for V's mother's lost wages for the first year that she did not work and

stayed home to care for V. The trial court made extensive findings on the record and ultimately awarded restitution in the amount of $9,290 for one year of lost wages minus the amount V's mother would have spent on childcare. In particular, the trial court explained:

"I do find that the losses that have been alleged by the State are, in fact, quantifiable and they meet the definition of economic damages per the statute.

"Next, I find that there is a causal relationship between the two[.] ***.

"I do not—I do not believe that had this child been 16 years old that her taking a year off work would have made any sense, but given the tender age of the child, what was it two years old, back when it occurred, and now four years old, I think that society has a massive interest in safeguarding the most vulnerable, particularly when they're victims of crimes. And so I do give deference to the one person on the planet who's probably best qualified, even maybe more so than some experts who don't know the kid very well, but the one person on the planet most qualified to tell me when that kid's trauma is—is subsiding is the witness who testified, the child's mother.

"On the other hand, I do see that, you know, two years is a long time. And so I do accept—I do accept her testimony that the child turned a corner at about the one year mark. ***.

"I also am prepared to find that it is for a foreseeable kind of thing. Let me put it this way. If the child had needed a week of therapy, that would have been, I think, easily foreseeable and the Court could easily make that finding. And while a year seems like a long time, again, based on the tender age of the child, I find that that's within the constellation of harms that could have been anticipated by this type of conduct, and that the mom would have to stay with her child. ***.

"So, I am going to accept her testimony about the one year. I am going to find that it is a foreseeable harm, particularly in light of cases I've read, [*State v. Ramos*, 358 Or 581, 368 P3d 446 (2016),] and [*State v. Pumphrey*, 266 Or App 729, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015),] where the harms are the type of harms where the victim, like, you know, there was a type of trauma experienced by

the victim, the victim was required to take work off and fix the issue. And the Court said no, that's okay. And even though in those cases it might have been a day or two that the adult victim was traumatized and needed to take work off to deal with it, because it's a child, I don't find that a year is unreasonable."

This timely appeal follows.

We begin with defendant's first argument that a parent's lost wages resulting from an injury to their child are not recoverable in a civil action and are thus noneconomic damages and cannot be imposed as restitution. We understand her contention to be a categorical argument that a parent's lost wages for a crime against that parent's child are never recoverable as restitution because they are not recoverable in a civil action. The state remonstrates that defendant did not preserve her argument and that any error does not meet the requirements for plain error review. We agree with the state's contention that defendant did not preserve her categorical argument. *See State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024) (explaining that "the winds of preservation can be gauged by looking to the weathervane of trial court surprise: Would the trial court be taken aback to find itself reversed on this issue, for this reason?" (emphases omitted)).

At the restitution hearing, defendant explained that she understood the state to be requesting compensation for noneconomic damages, specifically for V's mother's "peace of mind," and she asserted that noneconomic damages are not recoverable as restitution. On appeal, however, defendant makes an entirely new argument, *viz.*, that the damages are noneconomic because they are not recoverable in a civil action. Although defendant raised the "common thread" of noneconomic damages during the restitution hearing and on appeal, her argument on appeal is "qualitatively different." *See State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) (observing that "the presence of a common thread between an objection at trial and an argument on appeal does not satisfy the preservation requirement if the two arguments are qualitatively different" (internal quotation marks omitted)). Moreover, defendant conceded in her closing argument that some of V's

mother's lost wages were recoverable, specifically those that she incurred when she missed work because she had been subpoenaed or if she had to pay a caregiver for V during those times. Because defendant conceded that some of the lost wages were recoverable, we cannot conclude that she preserved an argument that a child victim's parent's wages are never recoverable or were categorically unrecoverable.

Defendant asserts that even if the argument is not preserved, we should review for plain error. *See generally State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (explaining that the general rule is that "an issue not preserved in the trial court will not be considered on appeal"); ORAP 5.45(1) (allowing discretionary review of "plain" errors). For a claimed error to be "plain," the error must be one of law, obvious and not reasonably in dispute, and apparent on the record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those requirements are satisfied, the second step is to decide whether to exercise our discretion to consider and correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

In support of her plain-error argument, defendant contends that *State v. Barkley*, 315 Or 420, 846 P2d 390, *cert den*, 510 US 837 (1993), held that a parent's lost wages that result from a crime against their child are not recoverable in a civil action and therefore not recoverable as restitution. The state counters that defendant reads *Barkley*, which involved a compensatory fine, too broadly and asserts that *Barkley* does not apply to these circumstances because the court held only that there is no theory of liability against a tortfeasor for wages lost while accompanying a child victim to court. In the state's view, *Barkley* did not categorically hold that a parent never has a theory of liability for any lost wages in any circumstance. Because the parties present two competing arguments that are both plausible and defendant has not pointed to a particular case or statute that would bar parents from recovering lost wages in a civil action under these circumstances, we conclude that the potential error, if any, was not legally obvious. *See State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993) (explaining that an "open issue" is not an "obvious" error if it is "reasonably open to

dispute"); *State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020) (explaining that the competing arguments offered by the parties demonstrated that the alleged error was reasonably in dispute, which "has the effect of precluding plain-error review").

We turn to defendant's second argument concerning foreseeability. The state again asserts that defendant did not preserve her argument for our review. We disagree with that contention given that both parties made arguments about foreseeability at the restitution hearing, and the trial court made specific findings on foreseeability. *See State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that one of the purposes of the preservation requirement is to ensure that the opposing party and the trial court were given enough information "to be able to understand the contention and to fairly respond to it").

On the merits, defendant argues that the lost wages were not a foreseeable result of the crime because they were not a direct result of the crime and too attenuated in time. Defendant acknowledges that a reasonable person in defendant's position would have foreseen V's mother taking off several days from work but not that she would work for two weeks following the incident and then quit her job completely and remain unemployed for a year. The state contends that it is not unforeseeable as a matter of law that a parent who has been traumatized by an injury to their child would decide to take time off work and assume responsibility for the child's care rather than entrusting the child to another caregiver.

To determine causation, which is a requirement to award restitution under ORS 137.106, a trial court must consider "whether there is a 'but-for' connection between the victim's damages and the crime and whether the victim's economic damages were a reasonably foreseeable result of the defendant's crime." *State v. Andrews*, 366 Or 65, 71, 456 P3d 261 (2020). The inquiry as to whether damages were reasonably foreseeable is "whether a reasonable person in the defendant's position would have foreseen that someone in the victim's position could reasonably incur damages of the same general kind that the victim incurred." *State v.*

*Ramos*, 358 Or 581, 597, 368 P3d 446 (2016). The question of foreseeability is, as a general matter, a question of fact for the trial court. *Id.*

Here, the trial court found that it was foreseeable that V's mother would have to take time off work to care for her young child. The court emphasized V's "tender" age and society's interest in protecting vulnerable people. Moreover, the court ordered restitution for only one year of lost wages, finding that it was reasonable for V's mother not to work for one year and that V's condition improved after one year. Because there is evidence in the record to support the court's findings, we will reverse under our standard of review only if we conclude that V's mother taking off a year from work was unforeseeable as a matter of law. Here, although the trial court was not required to find that taking a year off from work was reasonably foreseeable in these circumstances, we cannot say that it was unforeseeable as a matter of law that, when defendant injured a two-year-old child, the child's parent would take a year off from work to care for the young and traumatized child. *See, e.g.*, *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 21, 734 P2d 1326 (1987) (observing that the concept of foreseeability refers to the "generalized risks of the type of incidents and injuries that occurred rather than predictability of the actual sequence of events").

We turn to defendant's third argument, *viz.*, that the trial court erred in ordering restitution for one year of lost wages, because V's mother's decision to quit her job was "voluntary" rather than necessary. *See* ORS 31.705(2)(a) (defining "economic damages" as requiring that they be "necessarily incurred").[1] Although the state again disputes preservation, we assume without deciding that the issue was preserved and conclude that the trial court did not err. On appeal, defendant's argument is narrow: she contends that, based on V's mother's own testimony, it was mother's "voluntary" decision to quit work and stay home with V, rather than being a "necessary" expense caused by defendant's criminal conduct. On this record, the trial court could find, as it implicitly did, that

---

[1] ORS 31.705 has been amended since the underlying conduct in this case. *See* Or Laws 2021, ch 478, §§ 1, 3 (moving the definition of "economic damages" from ORS 31.710 to ORS 31.705). However, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

it was "necessary" for V to be cared for at home for a period of time because of defendant's criminal conduct. Because there is some evidence to support the trial court's finding that one year of V's mother's lost wages was a necessarily incurred expense, we conclude that the trial court did not err in ordering defendant to pay restitution for one year of lost wages. *See State v. Jordan*, 249 Or App 93, 100, 274 P3d 289, *rev den*, 353 Or 103 (2012) (explaining that we are bound by a trial court's finding of fact that the expenses were necessarily incurred if there is "some evidence from which the trial court could find that the disputed expenses were necessary" (emphasis omitted)); *see also State v. Perdew*, 304 Or App 524, 526-28, 467 P3d 70 (2020) (explaining that to prove necessity, the state "must present evidence sufficient to support a finding" and concluding that the evidence was "sufficient to support the trial court's finding that the medical treatment that [the victim] received was necessary").

     Affirmed.